THERESA R. (JENSEN) SCHULZE, APPELLEE AND CROSS-APPELLANT, V. ROBERT A. JENSEN ET AL., APPELLANTS AND CROSS-APPELLEES.

214 N. W. 2d 591

Filed February 7, 1974. No. 38908.

Albert Lustgarten and Bennett. G. Hornstein, for appellants.

Thomas R. Wolff, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This action, a creditor's bill, was brought by Mrs. Theresa R. (Jensen) Schulze against her former husband, Robert A. Jensen, and his present wife, Vivian Jensen. The trial court found generally for the plaintiff; both plaintiff and defendants appeal certain issues. We affirm the judgment of the District Court.

In 1965, the plaintiff was divorced from Robert Jensen. As part of the divorce decree, Jensen was to pay $260 per month in lump sum child support. In the years that followed, several things occurred. One, Robert Jensen made a payment of $1,640 to the plaintiff. Two, Robert Jensen was injured in an automobile accident and received an insurance payment of $60,000; these funds were used for expanding and remodeling his residence, for personal property, and other personal uses. Three, the children received $8,652.40 from Social Security as a result of their father's incapacitating auto accident. Four, the children received cash payments or gifts directly from their father. Five, Robert Jensen remarried and placed his car and other personal property in his new wife's name.

After Robert Jensen fell behind in his child support payments, his former wife attempted to execute judgment but was unsuccessful. She then brought this action, a creditor's bill, to get the back child support or the property held in his wife's name reconveyed or retransferred to Robert Jensen. The defendants pleaded accord and satisfaction as an affirmative defense; they alleged the $1,640 payment to the plaintiff was a discharge of the child support obligation.

The major issue in this case is whether there was an accord and satisfaction between the parties as to back child support. The defendants contend that the payment of $1,640 to the plaintiff operated as an accord and satisfaction and thus extinguished any remaining debt or judgment lien. A classic definition of accord and satisfaction is found in Crilly v. Ruyle, 87 Neb. 367, 127 N. W. 251 (1910): "An accord and satisfaction is predicated upon an agreement between the parties based upon a consideration and fully executed on the part of the defendant, whereby the plaintiff's cause of action is satisfied or discharged." The principal questions to be asked in determining whether a discharge by accord and satisfaction has taken place are: (1) Did the parties in fact agree that the performance rendered should operate as a final discharge and satisfaction; and (2) does that performance constitute a sufficient consideration for a return promise or for a discharge? 6 Corbin on Contracts, § 1276 (1962). And the question of whether a payment rendered by the obligor, and later asserted to be in satisfaction, was so tendered to the claimant that he knew or should have known that it was tendered as full satisfaction is a question of fact. 6 Corbin on Contracts, § 1277 (1962).

With these principles in mind we examine the evidence. The testimony reveals that some time after the divorce between the plaintiff and Robert Jensen, Jensen called the plaintiff and offered her "some money," and represented to the plaintiff that the back child support totaled $1,640. The plaintiff said that she would accept this, but that she would have to check the court records to see how much child support was owed. She failed to do this, but still accepted the $1,640 payment. No written agreement or memorandum was executed or transmitted between the parties. The defendants rely primarily upon Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689 (1956). It is true that Ruehle does stand

for the proposition that an accord and satisfaction with respect to child support can be made between the parties and is not void as against public policy; but Ruehle also stands for the proposition that this court will scrutinize an alleged accord and satisfaction between a husband and wife with reference to child support very carefully, and the evidence must be such that the court is satisfied by the clear weight of the evidence that an accord and satisfaction was intended and accepted. We find that Robert Jensen's misrepresentation as to the amount due on child support to his former wife, whether deliberate or simply a mistake, is enough to demonstrate the lack of fair negotiation and, indeed, demonstrates an overreaching by the defendant husband, Robert Jensen. The trial court was correct in finding that no accord and satisfaction had been made with respect to all the child support and was also correct in exercising its discretion under the doctrine of the Ruehle case to credit this amount against the total judgment for child support.

The other objection claims credit for payments of over $5,000 made directly to his children. The trial court determined that these payments were gifts and intended as such and therefore should not decrease the child support payments that were due to his former wife for their care and expenses. The statute provides that the child support judgments should be paid to the clerk of the District Court. This statute was designed and intended to eliminate disputes and disagreements between parties in this situation. Robert Jensen is charged with knowledge of the law, and it is clear that if he had wished his payments to his children to be in satisfaction of his child support obligations and not gifts, he could have made payment directly to the court, and had his payments properly credited. We observe also that he did pay $1,640 to his wife for which he received credit, but that the payments to the children were directly to them and there is no evidence that

they in any way reduced the obligations of the wife and the expenditures that she was required to make for their care and maintenance. We find no reason to disturb the finding of the trial court in this respect, especially in light of the fact that it saw and heard the witnesses and its finding as to credibility will not be overturned on appeal unless clearly wrong.

There is dispute between the parties as to Social Security payments for her children following Robert Jensen's disabling accident. The trial court found that the plaintiff received $8,652.40 from Social Security and that this amount should be credited against the final judgment. The plaintiff contends that this was error because it was payment to her from a collateral governmental source and did not relieve Robert Jensen from his obligation according to the decree. It is clear that these payments directly resulted from Robert Jensen's accidental disability and in the context of this case were a substitute for his loss of earning power and his obligation to pay for the support of his dependents. In equity we see no difference between this situation and where Robert Jensen had received a gift and applied it to the payment of child support. There was no error in this determination by the trial court.

With reference to the creditor's bill, the District Court found that almost $11,000 of Robert Jensen's money was used to improve a home owned by Vivian Jensen; and the court concluded that a lien should be placed on the house to the extent of the improvements made thereon. The court also found that a certain car had been purchased with Robert Jensen's funds, but it had been placed in the name of Vivian Jensen for the purpose of defrauding creditors of Robert Jensen. The District Court also found that over $3,000 of Robert Jensen's money had been used to buy personal property found in the home of Vivian Jensen; and the court found that this had been done to defraud Robert Jensen's

creditors and therefore a lien was placed on this personal property.

Section 36-401, R. R. S. 1943, provides that conveyances or assignments of property made to defraud creditors are void. This court has also held that: "Where there is a conveyance between close relatives without adequate consideration, the burden is upon the parties to the transaction to establish that it was done in good faith." First Nat. Bank v. First Cadco Corp., 189 Neb. 553, 203 N. W. 2d 770 (1973). Section 36-406, R. R. S. 1943, provides that an issue of fraudulent intent is a question of fact. Defendant Robert Jensen testified as follows:

"Q. Did you (Robert Jensen) purchase anything singularly with the idea that you were going to defraud any creditors?

"A. No."

But the following questioning also occurred on cross-examination:

"Q. Now, the automobile that you own, or that your wife owns, is there any reason why that wasn't put in your name; since it was your funds?

"A. Because I didn't have a driver's license.

"Q. But as far as the title to it, that wouldn't make any difference, would it? * * *

"Q. Mr. Jensen, have you ever been told by anyone to take property out of your hands?

"A. Yes, I was advised by counsel to have the title changed over to have — just to have my name taken off.

"Q. For what purpose?

"A. *Because of this deal going on here.*" (Emphasis supplied.)

It is unnecessary for our determination here to review the evidence and all the collateral circumstances further. The evidence amply supports the trial judge's finding with reference to the fraudulent conveyances.

The combination of conveyances, the time period, and Robert Jensen's own testimony lead to an inference that there was an attempt to defraud or delay Jensen's former wife from collecting the child support judgment. Jensen has not met his burden of proof to establish that it was done in good faith. It was without consideration, and conveyed to his new wife, and according to his own testimony "Because of this deal going on here."

The judgment of the District Court is correct and is affirmed. The plaintiff is allowed $750 for services of her attorney in this court.

AFFIRMED.

SMITH, J., not participating.