MARGARET ESTHER HANTHORN, APPELLANT, V. ELLIS OLIVER HANTHORN, APPELLEE.

460 N.W.2d 650

Filed September 28, 1990.    No. 88-709.

William J. Ross, of Ross, Schroeder & Fritzler, for appellant.

Michael J. O'Bradovich for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Margaret Esther Hanthorn appeals from a July 21, 1988, order of the district court for Buffalo County allowing appellee Ellis Oliver Hanthorn to credit Social Security disability benefits paid for the benefit of his dependent children toward his court-ordered child support judgment.

The record shows that on November 20, 1981, appellant filed a petition for dissolution of her marriage to appellee. On September 2, 1982, after an uncontested hearing, a divorce decree was entered by the district court for Buffalo County. The decree approved the property settlement agreement of the parties, granted appellant custody of the parties' two children, and ordered appellee to pay $100 monthly for the support of each child.

At the time of the divorce decree, appellee had been unemployed since September 1981. Some months after appellant filed her dissolution petition, but before the final decree was entered, appellee applied for Social Security disability benefits on the grounds that he had been diagnosed as a manic-depressive and was totally disabled from employment.

During the divorce proceedings, appellee testified that he had applied for Social Security disability benefits, but that he did not know if he would be found eligible and that if he were found eligible, he did not know to what extent his dependent children might receive benefits.

After entry of the decree, appellee made child support payments to the court through February 1983. In December 1982, appellee was notified that his claim had been approved and that both he and his dependents would receive Social Security benefits, commencing January 3, 1983. In January and February, each of the children received from Social

Security an amount less than $100 because part of the auxiliary benefits at that time were paid directly to the appellant mother. Beginning in March 1983, all benefits were paid for the children's benefit. At all times after February 1983, the Social Security benefits paid for the children were in excess of the $100-per-month support which was ordered for each child in the divorce decree.

Appellee himself made no support payments for any months after February 1983. He testified that he stopped paying "[b]ecause we were notified by North Platte office of Social Security to write the Clerk of District Court and we would cease because she would receive Social Security payments."

During February 1983, the attorney who had been retained by appellee at the time sought to have both parties sign a stipulation that payments received by the children from Social Security would discharge appellee's child support obligation. Appellant refused to sign the stipulation. Her attorney stated in the letter rejecting the stipulation that appellant was having "a very difficult time getting along" financially and should be entitled to both disability payments and child support. No further action was taken by either party for the next 5 years.

Since the divorce, appellee has lived on his mother's farm near Indianola. His sole sources of income consist of the disability payments he receives from Social Security and interest from some investments. The investments apparently were amounts appellee received pursuant to the property settlement agreement at the time of the dissolution.

Appellee testified that sometime in late 1987 or early 1988, he was informed by appellant that he owed thousands of dollars in child support arrearages. Appellee testified that soon thereafter, the parties went to the office of the clerk of the district court for Buffalo County in Kearney and found that the records did show that arrearages had been accumulating since 1983. In May 1988, appellee filed his "Application for Credit for Social Security Payments on Child Support." After a hearing at which each party adduced evidence, the court granted the application.

Appellant's assignments of error can be summarized as follows: The district court erred (1) in awarding the credit,

especially considering that appellee was disabled and benefits were contemplated at the time of the divorce decree, and (2) in failing to find that appellant was prejudiced by the appellee's more-than-5-year delay in seeking a credit and that therefore laches should have barred the application for credit.

The standard of review of this court in child support cases is de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion. *Sanchez v. Sanchez*, 231 Neb. 963, 439 N.W.2d 82 (1989).

This court has considered the applicability of Social Security payments made for the benefit of dependent children to a father's child support obligations. In *Schulze v. Jensen*, 191 Neb. 253, 214 N.W.2d 591 (1974), we determined that Social Security beneficiary payments made to dependent children of a disabled father could be credited against the father's child support obligations. In *Schulze* the father suffered injuries in a car accident which left him totally disabled. Both he and his dependent children began receiving Social Security disability benefits. The father sought to have the benefits credited against the child support amounts which had accrued since his disability. The disability occurred after the divorce was final and the support amounts had been set. In granting the credit, the court stated: "It is clear that these payments directly resulted from Robert Jensen's accidental disability and in the context of this case were a substitute for his loss of earning power and his obligation to pay for the support of his dependents." *Id*. at 257, 214 N.W.2d at 594.

In *Lainson v. Lainson*, 219 Neb. 170, 362 N.W.2d 53 (1985), *Schulze* was distinguished on the facts. In *Lainson* the mother was granted custody pursuant to a modification of the decree, and the father was ordered to pay child support. Before the modification was granted, the father had custody. At the time of the modification, both he and his son were receiving Social Security benefits due to the father's disability. At the modification hearing, the father proposed that any amount the court should order in monthly child support should be offset by the benefits the son was receiving from Social Security. The district court rejected this contention and expressly ordered child support in addition to the amounts received from Social

Security.

On appeal, this court held that that action of the trial court was within the discretion of the trial court and that *Schulze* did not mandate that the disability payments be offset. We stated:

> In *Schulze* the father was injured after child support amounts had been set by the court. The court there decided that "in the context of this case" the payments were a substitute for the father's support obligation. *Id.* at 257, 214 N.W.2d at 594. Here, Roger was injured prior to the court's determination of support obligation. The court was fully cognizant of Roger's disability and of the Social Security payments being made on the child's behalf. Knowing this, it ordered support in addition to the benefit payments. In so doing the trial court was considering the overall situation of both parents and the child.

*Lainson, supra* at 175-76, 362 N.W.2d at 57.

The fact situation in this case is different from those in both *Schulze* and *Lainson*. Unlike the situation in *Schulze*, the father in this case was disabled before the decree, and the court was cognizant that his children might receive benefits. Unlike in *Lainson*, no benefits had yet been received, and there was no certainty that they would be received or to what extent they might benefit the children.

Other jurisdictions have considered the question of crediting Social Security payments on a parent's court-ordered child support obligation. The majority rule, with which our *Schulze* decision comports, is that credit for such payments should be given, unless the allowance of such credit, in the particular case, would be inequitable. See, *Board v. Board*, 690 S.W.2d 380 (Ky. 1985); *Mooneyham v. Mooneyham*, 420 So. 2d 1072 (Miss. 1982); *Davis v. Davis*, 141 Vt. 398, 449 A.2d 947 (1982); *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980); *Perteet v. Sumner*, 246 Ga. 182, 269 S.E.2d 453 (1980); *Griffin v. Avery*, 120 N.H. 783, 424 A.2d 175 (1980); *Cohen v. Murphy*, 368 Mass. 144, 330 N.E.2d 473 (1975); *Children & Youth Services v. Chorgo*, 341 Pa. Super. 512, 491 A.2d 1374 (1985).

In *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975), the Kansas Supreme Court considered facts similar to those in this case. In *Andler*, the father suffered a disability in June 1969. He

subsequently applied for disability benefits with the Social Security Administration. In December 1969, his wife was granted a divorce, and he was ordered to pay $160 per month in child support. After the divorce, in January 1970, the father and his three children began receiving Social Security disability benefits because he had been adjudged totally disabled. After 3 years of receiving Social Security benefits but no direct child support, the mother sought a citation of contempt against the father for failure to pay child support.

Although the father's disability and the likelihood of disability benefits were known at the time of the decree, the Kansas Supreme Court held that in equity the father was entitled to credit. The court analogized the Social Security system to a system of private insurance in which the worker pays into the system with the understanding that the system will continue to fulfill the worker's moral and legal obligations to his dependents should he become unable to fulfill them due to disability.

We find the reasoning of *Schulze* and *Andler* applicable to the facts in this case. The father is unable to work because of his disability. Social Security benefits must necessarily serve as a substitute for the father's earning power. This is not a case such as *Lainson* where the trial judge was fully cognizant of the amount of benefits being received at the time of the modification and exercised discretion under the circumstances to order additional support.

We hold, therefore, that Social Security payments made to a parent's child on account of the parent's disability should be considered as credits toward the parent's court-ordered support obligation, in the absence of circumstances making the allowance of such a credit inequitable.

It should be noted that the relief granted appellee is an equitable credit for the disability benefits received by the children, which is by nature different from a retroactive modification of a vested and accrued obligation. See, *Griffin v. Avery, supra*; *Board v. Board, supra*; *Perteet v. Sumner, supra*; *Mask v. Mask, supra*.

Lastly, we must consider the argument that the application for credit must be refused under the doctrine of laches. The

defense of laches is not favored in Nebraska. It will be sustained only if a litigant has been guilty of inexcusable neglect in enforcing a right to the prejudice of his adversary. *In re Estate of Widger*, 235 Neb. 179, 454 N.W.2d 493 (1990); *Production Credit Assn. of the Midlands v. Schmer*, 233 Neb. 749, 448 N.W.2d 123 (1989).

We have held that laches must be founded upon the inequity of permitting a claim to be enforced—an inequity which arises out of some change in the condition or relation of the parties. *Scheibel v. Scheibel*, 204 Neb. 653, 284 N.W.2d 572 (1979). Appellant does not satisfy either of these tests. The fact that disability benefits serve as a substitute for the father's earning power does not constitute an inequitable change in condition or relation of the parties. In fact, the dependent children are receiving a larger sum from the disability payments than they would have received from the child support payments.

There may have been differing expectations of the parties, but appellant was not unfairly prejudiced despite her belief that she was entitled to both disability benefits and direct support payments. Had she attempted to seek a modification of the support amounts to receive an amount greater than that of the disability payments, such a modification might not have been possible considering appellee's limited income. In any event, appellant could have attempted to secure more money for the children by instituting an action to collect at any time during a period of over 5 years. If additional funds were needed for the day-to-day expenses of the children, appellant should have made an effort to collect such needed funds.

Appellee's tardiness in applying for credit is not condoned. This is especially true in light of the fact that appellant refused to sign the proposed stipulation prepared by appellee's attorney. Each party apparently chose to gamble on the ultimate outcome resulting from the situation. On such conduct do many cases reach this court. Although appellee's tardiness is by no means commendable, neither is appellant's. The facts in this case do not establish laches as a bar to appellee's motion for credit.

The court's decree, in a handwritten addendum, states, " 'see docket entry - $200 per mo. commencing 4-3-83 &

through 7-3-88 plus accrued interest.' " The Social Security payments have been made monthly and operate as a satisfaction of the court-ordered monthly child support payments. Insofar as the record submitted to this court is concerned, there is no accrued interest. The Social Security payments satisfy appellee's court-ordered child support only on a month-to-month basis, however. Social Security payment in a particular month may not be carried over to satisfy court-ordered support amounts owing in future months. See *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975). The trial court's order of July 21, 1988, and this court's affirmance of that order constitute a showing that the child support judgment against appellee is satisfied through July 21, 1988. Appellee has the burden of establishing that the child support judgment against him is satisfied after that date.

The order of the district court is affirmed.

AFFIRMED.