[No. 28621-8-I.   Division One.   May 10, 1993.]

*In the Matter of the Marriage of* MARY F. HUGHES,
*Appellant, and* JAMES H. HUGHES,
*Respondent.*

*Matthew I. Cooper* and *Mosler, Schermer, Wallstrom & Cooper,* for appellant.

*Franklin Butler,* for respondent.

FORREST, J. — Mary Hughes (Mary) appeals the trial court's modification of the divorce decree and child support order, alleging that the court erred in crediting her ex-husband James Hughes (James) for Social Security benefits paid to their minor son Kevin after James's retirement, and in allowing prospective credit for Social Security benefits paid to Kevin. We affirm.

Mary and James Hughes divorced in 1984. Mary was awarded primary physical placement of Kevin. James was ordered to pay $500 per month child support, and provide medical and dental insurance for Kevin. James retired and began collecting pension and Social Security benefits sometime between late 1984 and December 1985.[1]

On April 12, 1985, the support order was modified, requiring James to pay $250 or 25 percent of his monthly income, whichever was greater, to a maximum of $500 per month child support. On May 4, 1989, Mary petitioned the court for further modification of the child support order, seeking child support of $750 per month. Her affidavit stated she was receiving $300 per month Social Security benefits on Kevin's behalf, but that she was not receiving child support payments from James.[2] On April 4, 1990, Mary amended her petition to modify, alleging without factual substantiation that James should have been paying $500 per month, instead of the $250 per month he had sporadically paid. She requested the court to modify the order to require James to pay $750 per month child support, plus child support arrearages in an amount to be proved at trial, and medical and dental insurance arrearages in an amount to be proved at trial.

James responded to the amended petition on August 16, 1990, and requested modification to $200 per month child support. On September 14, 1990, via an affidavit of James's attorney Franklin Butler, James requested that the judge give him credit for the Social Security benefits Kevin had received beginning in 1985. A child support worksheet was filed with Butler's affidavit, which showed Mary earned $1,848 net after taxes (*not* including Kevin's Social Security

---

[1]The record is unclear on this point, but the date of his retirement is less important than the fact that he retired, and designated his son to receive Social Security benefits beginning in 1985.

[2]However, the Office of Support Enforcement records indicated James made monthly payments at least from November 1987 to June 1989, and then from July 1989 to May 1990. In any event, the parties do not dispute that an arrearage exists.

benefits), and James received pension and Social Security benefits of $1,143 net after taxes.

At a bench trial on September 14, 1990, James was ordered to pay $315 child support per month through the Washington State Support Registry, of which $55 was for insurance premiums. The court determined James's future child support payments should be reduced by the amount of Social Security benefits Kevin received.[3] The court unquestionably had authority to order prospective credit.[4]

On February 15, 1991, another hearing was held to determine whether James should receive credit against the alleged child support arrearages for the Social Security benefits previously paid to Mary for Kevin's benefit. Mary appeals from the resulting order denying judgment for the arrearages and modifying the dissolution decree.

## DISCUSSION

Mary assigns error to the trial court's ruling which offset Social Security payments she received on behalf of her son Kevin against James's support obligation.

She asserts that an obligor parent may not unilaterally modify a support obligation and that the court cannot retroactively modify such obligation.[5] We agree. But that is not the issue. James acknowledges that he is obligated to pay all the support due under the decree from the April 12, 1985, modification to the September 14, 1990, modification.[6]

---

[3]Mary asserts that the trial court's fixing the amount of prospective support improperly attributed the Social Security support payment to Mary as income, and at the same time allowing the payment to discharge James's support obligation, thus giving him a "double deduction". Analysis of the financial statements in the record does not support this claim and we find no abuse of the trial court's discretion in the prospective support award.

[4]RCW 26.09.170; *Chase v. Chase*, 74 Wn.2d 253, 260, 444 P.2d 145 (1968).

[5]RCW 26.09.170(1); *Schafer v. Schafer*, 95 Wn.2d 78, 80, 621 P.2d 721 (1980).

[6]The April 12, 1985, decree provided for support payments of 25 percent of James's net income with minimum support of $250 and maximum support of $500 per month.

Although the precise amount of this obligation has not been established, the court based its ruling on a claimed arrearage of $11,260 with total Social Security payments of $19,000 received by Mary. These figures are not challenged on appeal.[7]

Notwithstanding the rule that support judgments may not be retroactively modified, Washington courts have recognized that under appropriate circumstances the obligor parent may be entitled to an equitable offset where there is no unfairness to the custodial parent.[8] Unquestionably, Mary has received all the support due under the decree; indeed it appears she received sums in excess thereof. If the ordered amount was inadequate and additional resources were available, she could, of course, have petitioned for an increase, as she ultimately did in May of 1989. Hence, there is no unfairness to Mary. Indeed, a judgment for a support arrearage at this time would be an undeserved windfall. Kevin has turned 18 and the support obligation has terminated under the terms of the decree. Looking at it from James's viewpoint, while the record is unclear as to the exact date of retirement and his ensuing financial circumstances, it is clear that he suffered a substantial reduction in income during the period in question. Under these circumstances, the judge's decision to offset the support obligation by the Social Security payments was a proper exercise of discretion.

*Chase v. Chase*[9] and *Hepton v. Hepton*,[10] relied upon by Mary, do not compel a different result. *Chase* held that the

---

[7]The record is very sketchy on the basis for these amounts but it is readily apparent that if James is entitled to offset the Social Security payments, the result will be no arrearage.

[8]*Schafer v. Schafer, supra; French v. French*, 74 Wn.2d 708, 446 P.2d 332 (1968); *Martin v. Martin*, 59 Wn.2d 468, 368 P.2d 170 (1962); *Mathews v. Mathews*, 1 Wn. App. 838, 466 P.2d 208, *review denied*, 78 Wn.2d 992 (1970).

[9]74 Wn.2d 253, 444 P.2d 145 (1968).

[10]25 Wn. App. 229, 605 P.2d 1288 (1980). *Hepton* merely follows *Chase v. Chase*, 74 Wn.2d 253, 444 P.2d 145 (1968) and does not require independent analysis.

support obligation continued until modified, and thus no offset for Social Security disability payments received prior to Mr. Chase's request for modification of his support obligation was allowed. However, the holding is no longer good law. The Legislature has specifically provided that such payments *shall* be offset.[11]

We recognize that the Legislature has not seen fit to grant automatic offset to support payments generated by reason of an obligor's retirement rather than an obligor's disability. However, the Legislature's action as to Social Security disability payments for the benefit of a minor child is strongly supportive of the court's discretionary authority to give an offset for Social Security payments on behalf of a minor child incident to retirement benefits. In the vast majority of cases, retirement, like disability, results in a reduction of income. The rationale of both types of payments is recognition of the presumed decline in income, and assistance to a parent in providing for a minor child. As the *Chase* court recognized:

> Social security benefits are paid from a trust fund maintained and managed by the United States Government, but the right thereto depends largely upon payments made into the fund by employer and employee. The defendant husband's social security benefits, therefore, were, insofar as he was legally capable of providing for his minor child through social security, a substitute for his earnings.

*Chase v. Chase*, 74 Wn.2d 253, 258-59, 444 P.2d 145 (1968).

It may well be that when the Supreme Court reexamines the issue, it will extend the legislative policy providing automatic credit for payments as a result of disability to pay-

---

[11]"(1) When the department of labor and industries or a self-insurer pays compensation under chapter 51.32 RCW on behalf of or on account of the child or children of the injured worker for whom the injured worker owes a duty of child support, the amount of compensation the department or self-insurer pays on behalf of the child or children shall be treated for all purposes as if the injured worker paid the compensation toward satisfaction of the injured worker's child support obligations.

"(2) When the social security administration pays social security disability dependency benefits on behalf of or on account of the child or children of the disabled person, the amount of compensation paid for the children shall be treated for all purposes as if the disabled person paid the compensation toward satisfaction of the disabled person's child support obligation." RCW 26.18.190.

ments as a result of retirement.[12] Such a result is unnecessary to decide this case. The *Chase* court did not cite, much less overrule, *Martin v. Martin*, 59 Wn.2d 468, 368 P.2d 170 (1962). This strongly suggests that the argument for an equitable offset was not presented to the *Chase* court, and therefore the court had no reason to consider its application in connection with the Social Security payments at issue. Accordingly, *Martin* remains good law and authorizes a discretionary offset as allowed by the trial court here.[13]

The proper course remains for the obligor parent to move for a modification of support payments when the financial circumstances change because of the obligor's retirement and Social Security funds become available for the benefit of a minor child. However, it is unrealistic to expect that all of the vast number of divorced individuals in such circumstances will appreciate the necessity to immediately institute court action to secure a reduction in support. Accord-

---

[12]Other state courts have recognized an offset for Social Security payments. At least three states have specifically allowed an offset for Social Security retirement benefits. *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962); *Bradley v. Holmes*, 561 So. 2d 1034 (Miss. 1990); *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980). Other states have allowed offsets for Social Security disability benefits. *Binns v. Maddox*, 57 Ala. App. 230, 327 So. 2d 726 (1976) (Social Security benefits paid to the children exceeded support obligation); *Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200 (1963); *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976); *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975); *Mooneyham v. Mooneyham*, 420 So. 2d 1072 (Miss. 1982); *Schulze v. Jensen*, 191 Neb. 253, 214 N.W.2d 591 (1974). *But see In re Marriage of Haynes*, 343 N.W.2d 679 (Minn. Ct. App. 1984) (the court specifically disallowed an offset for Social Security benefits paid to children in lieu of support payments based on its conclusion that the beneficiary has no property interest in Social Security benefits).

[13]Nor do we feel that *Pessein v. Pessein*, 68 Wn. App. 893, 846 P.2d 1385 (1993) requires a different result. In *Pessein* the court held that where the dissolution decree makes child support a charge on the obligor parent's estate, Social Security death benefits are not offset as a matter of law. The dissolution decree was interpreted based on the presumption that the obligor parent knew of the prospective Social Security death benefits and by failing to provide for any offset to support should be held to have intended no offset. Factually, the case is easily distinguishable from ours where James had grounds for modification which he failed to promptly assert and later seeks equitable offset against the accrued arrearage.

ingly, we conclude that we will best achieve fairness between the parents, while insuring reasonable support for minor children, by recognizing the court's equitable power to allow an offset to an accrued support obligation where such obligation, in whole or in part, has been satisfied by Social Security payments, provided there will be no unfairness to the custodial parent. On these facts the trial court did not err in allowing the offset.

Affirmed.

SCHOLFIELD and AGID, JJ., concur.