KATHLEEN M. BREWER, APPELLANT, V. THOMAS E. BREWER, BY
SUBSTITUTED PARTIES, THOMAS M. MAUL, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF THOMAS E. BREWER, AND
WAYNE E. GRACHEK, AS TRUSTEE OF THE THOMAS E. BREWER
TESTAMENTARY TRUST, APPELLEES.

509 N.W.2d 10

Filed December 17, 1993.   No. S-91-674.

John K. Green for appellant.

Clark J. Grant, of Grant, Rogers, Maul & Grant, for
appellees.

HASTINGS, C.J., BOSLAUGH, CAPORALE, FAHRNBRUCH, and
LANPHIER, JJ., and GRANT, J., Retired.

CAPORALE, J.

## I. STATEMENT OF CASE

A decree dissolving the marriage of the appellant mother,
Kathleen M. Brewer, ordered the father, Thomas E. Brewer, to
make a monthly support payment for their minor daughter,
Ashley JoAnne. As a result of the father's subsequent death, the
appellees, the father's estate and testamentary trust, as the
parties substituted in place of the father, seek to credit against
their respective child support liabilities the benefits being paid

on behalf of the daughter under the provisions of the federal Social Security Act, 42 U.S.C. § 301 et seq. (1988 & Supp. III 1991). Following an evidential hearing, the district court so ordered. The mother assigns that ruling as her sole operative error. We affirm.

## II. FACTS

The dissolution decree ordered the father to pay $500 per month in child support. This requirement was in accordance with the stipulated agreement of the mother and father, which was incorporated into the decree. The agreement recited it to be the intention of the dissolution parties that the agreement be a full, final, and complete settlement of all matters in dispute between them, and required the father to maintain a term policy of insurance on his life, payable to the daughter equal to the amount of child support which would have accrued through her 19th birthday. The agreement also required the father to maintain an otherwise undefined "health and accident insurance" policy on the daughter.

The father thereafter executed a will, which placed his assets in trust should he die before the daughter attained the age of majority. The trust requires that the trustee pay the court-ordered child support. The will provides for distribution of one-half of the total of the trust fund to the daughter when she reaches the age of 21 and disbursement of the balance upon her attaining age 25. Should the daughter die before distribution of all the assets, the assets are to be paid to a designated charity.

Although the father purchased two term life insurance policies, they were payable to the trust, not to the daughter. The record does not tell us whether the father did or did not provide a health and accident policy of any description for the daughter.

## III. SCOPE OF REVIEW

Modification of child support is an issue entrusted to the discretion of the trial court, and although reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Lodden v. Lodden*, 243 Neb. 14, 497 N.W.2d 59 (1993).

A judicial abuse of discretion exists when a judge, within the

effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993).

## IV. ANALYSIS

We note at the outset of our analysis that the mother assigned two errors not mentioned in part I above. One relates to the order in which the district court ruled on the revivor of this action; the other deals with the date on which the district court ordered the credit to take effect. However, in her brief she failed to argue either of these claimed errors.

To be considered by an appellate court, a claimed prejudicial error must not only be assigned, but must be discussed in the brief of the asserting party. Neb. Ct. R. of Prac. 9D(1)d (rev. 1992). See, also, *Lange Indus. v. Hallam Grain Co., ante* p. 465, 507 N.W.2d 465 (1993); *Delicious Foods Co. v. Millard Warehouse, ante* p. 449, 507 N.W.2d 631 (1993); *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992).

Consequently, we do not concern ourselves with the mother's unargued claims of error, but limit ourselves to a review of her claim that the estate and trust are not entitled to credit for the Social Security benefits paid on behalf of the daughter at the rate of $832 per month.

### 1. OTHER JURISDICTIONS

The majority of jurisdictions hold that a child support obligor is entitled to credit for Social Security benefits paid for a child's benefit on account of the obligor's disability. See, *Windham v. State ex rel. Windham*, 574 So. 2d 853 (Ala. Civ. App. 1990); *Binns v. Maddox*, 57 Ala. App. 230, 327 So. 2d 726 (1976); *Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200 (1963); *Faul v. Faul*, 548 So. 2d 957 (La. App. 1989); *Folds v. Lebert*, 420 So. 2d 715 (La. App. 1982).

### (a) General Rationale

Some courts allow the obligor to make a unilateral reduction in the payment without any action by the court. See, *Binns v.*

*Maddox, supra*; *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975); *Cohen v. Murphy*, 368 Mass. 144, 330 N.E.2d 473 (1975); *Mooneyham v. Mooneyham*, 420 So. 2d 1072 (Miss. 1982). Most courts, however, require a noncustodial parent to seek a modification of the decree to reduce or eliminate the child support obligation because of Social Security benefits paid to the custodial parent.

Hence, in *Chase v. Chase*, 74 Wash. 2d 253, 444 P.2d 145 (1968), the Supreme Court of Washington held that the onset of disability and the resulting entitlement to Social Security are changes in the condition of the parties to be considered in a modification proceeding, and the receipt of Social Security benefits does not give rise to a deduction absent affirmative action by the court. Therefore, other changes in the economic conditions of the parties would affect the amount of deduction permitted. Other courts have followed this rule. See, *In re Marriage of Robinson*, 651 P.2d 454 (Colo. App. 1982) (disability and resulting entitlement to Social Security are changes in condition of parties to be considered in support modification proceedings, and credit to be allowed by trial court is discretionary, not automatic); *Newman v. Newman*, 451 N.W.2d 843 (Iowa 1990) (burden of seeking modification of support order rightfully lies with parent who seeks to offset support obligation against Social Security benefits); *Hendricks v. Hendricks*, 594 So. 2d 1129 (La. App. 1992) (justice or equity will not nullify or reduce alimony or child support award until judgment is altered or amended by operation of law); *Gerlich v. Gerlich*, 379 N.W.2d 689 (Minn. App. 1986) (child's receipt of Social Security benefits from account of parent charged with support does not constitute payment from that parent but may constitute change of circumstances and grounds for modification of support order); *Moritz v. Moritz*, 368 N.W.2d 337 (Minn. App. 1985) (receipt of Social Security dependent benefits is change of circumstances and factor to be considered in modification hearings); *Burnham v. Burnham*, 743 S.W.2d 568 (Mo. App. 1987) (burden of seeking modification of support obligation rests on retired or disabled parent seeking to substitute Social Security benefits for amount owed under divorce decree); *Cope and Cope*, 49 Or. App. 301, 619 P.2d 883

(1980), *decision aff'd* 291 Or. 412, 631 P.2d 781 (1981) (father's sua sponte deduction of child's Social Security benefits from decreed support obligation barred by statute; rather, changes in father's obligation to pay support should be made only with approval of court upon showing of changed circumstances); *In re Marriage of Hughes*, 69 Wash. App. 778, 850 P.2d 555 (1993) (under appropriate circumstances obligor parent may be entitled to equitable offset provided there is no unfairness to custodial parent); *Hepton v. Hepton*, 25 Wash. App. 229, 605 P.2d 1288 (1980) (receipt of Social Security by child does not give rise to an automatic reduction of parent's support payment; it is one circumstance for court to consider in deciding whether to modify support award).

Although by far, most of the cases in which courts have allowed an offset against child support have been for Social Security disability benefits, other state courts allow an obligor to offset court-ordered child support by Social Security retirement benefits. See, *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962); *Bradley v. Holmes*, 561 So. 2d 1034 (Miss. 1990); *McClaskey v. McClaskey*, 543 S.W.2d 832 (Mo. App. 1976); *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980).

The rationale for both types of payment is the recognition of the presumed decline in income. As the court pointed out in *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976), the purpose of Social Security disability payments is to replace income lost because of the employee's disability. Under these circumstances, it is equitable to treat dependency benefits as a substitute for child support for the period during which such benefits are paid. See, also, *In re Marriage of Hughes, supra*.

In contrast, cases which have held that a noncustodial parent is not entitled to credit against his child support obligation for Social Security payments have reasoned that receipt of such benefits does not constitute payment from that parent. See, *Hennagin v. County of Yolo*, 481 F. Supp. 923 (E.D. Cal. 1979) (where parent is responsible for making court-ordered support payments, such legal obligation cannot be discharged by denominating children's disability insurance benefits as child support from parent); *Marriage of Haynes*, 343 N.W.2d 679 (Minn. App. 1984) (retiree has no property interest in Social

Security benefits paid to child); *Fuller v. Fuller*, 49 Ohio App. 2d 223, 360 N.E.2d 357 (1976) (Social Security benefits payable to dependent child of Social Security recipient inure directly to child, notwithstanding prerequisite status of parent; no indices of parent's ownership ever attach to such funds).

### (b) Effect of Agreement

The mother asserts that the incorporation of the property settlement agreement into the decree prohibits the crediting of the Social Security benefits against that obligation, as it was intended as a full, final, and complete settlement of the father's child support obligation. However, other jurisdictions have ruled that the existence of a separation agreement is not determinative. See *Hamilton v. Hamilton*, 598 S.W.2d 767 (Ky. App. 1980) (evidence that child became entitled to Social Security benefits and that mother frequently had excess from such child support payments supported trial court's finding that it was appropriate that child support payments be terminated at father's death despite existence of separation agreement between father and mother, incorporated into divorce decree, providing for child support payments to minor child).

In two cases similar to the one now before us, *Bowden v. Bowden*, 426 So. 2d 448 (Ala. App. 1983), and *Board v. Board*, 690 S.W.2d 380 (Ky. 1985), the existence of separation agreements did not abrogate the noncustodial parent's right to credit Social Security payments.

In *Bowden*, the parents of the minor child entered into an agreement which required the husband to pay the wife $300 for the support and maintenance of the minor child, and to purchase and maintain life insurance policies sufficient to insure that the monthly payments for the support of the child provided in the agreement would be paid in the event of the death of the husband. The husband died testate, and the child began receiving Social Security benefits exceeding the $300 per month child support specified in the agreement. At the time of his death, the husband did not have in effect the insurance policy as required in the agreement. Pointing out that the purpose of Social Security is the same as that of an insurance

policy with a private carrier, wherein a parent insures against death or loss of physical ability to fulfill moral and legal obligations to dependent children, the court held that the death benefits paid to the minor child from the Social Security account of his deceased parent could be credited against the husband's monthly obligations.

In *Board*, the husband agreed to pay the wife $200 a week for the support of their two minor children pursuant to a property settlement agreement. The husband died 3 months after the divorce, at which time the wife began receiving $370 per month per child from his Social Security benefits. In affirming the judgment of the trial court, the Court of Appeals had stressed that the wife would receive an unreasonable windfall if she were permitted to receive both child support and Social Security benefits. Affirming both the trial court and the Court of Appeals, the Supreme Court of Kentucky held that Social Security benefits could be credited directly without a motion for modification of the decree.

The mother cites *Cohen v. Cohen*, 246 So. 2d 581 (Fla. App. 1971), *writ discharged* 255 So. 2d 524 (Fla.), as support for her proposition that in the absence of a provision in the property settlement between her and the father, the estate is not entitled to a partial credit or discharge for death benefit payments made to the minor children by the Social Security Administration. In *Cohen*, a father executed a voluntary property settlement with his ex-wife which provided for payments for child support and education. Affirming a final summary judgment for the ex-wife as to her claim for child support payments without setoff for the Social Security payments, the *Cohen* court noted that Social Security death benefits were known to the father at the time he executed the property settlement agreement and at the time the agreement was incorporated into his final decree of divorce. It reasoned that had the father desired to receive credit against his support payments for any death benefits paid by Social Security, he should have made a provision for such credit in the agreement.

*Cohen* is, however, different from the matter at hand; the purposes for which the voluntary support payments were made in *Cohen* are different. In this case, the father's will provided

only for the court-ordered child support payments. In *Cohen*, the property settlement agreement was a voluntary agreement to provide $40 a week for each of two minor children and the tuition for normal Hebrew School training for each of the boys and, in addition, to pay the normal and usual expenses entailed in the Bar Mitzvah. Hence, the agreement provided payment for a specified item, tuition. In accord is *Thompson v. Thompson*, 254 Ark. 881, 496 S.W.2d 425 (1973), in which the court refused to offset child support payments with money given by the Veterans' Administration to a child of a disabled veteran while the child was enrolled in college. Noting that it had previously held that sums paid from Social Security payments and military allotments should be credited to child support awards, the court distinguished the Veterans' Administration education benefits as a specialty item available for use only under specified circumstances, unlike allotments and Social Security payments, which, the court said, are generally available for ordinary use.

In agreement with *Cohen* is *Williams v. Williams*, 789 S.W.2d 781 (Ky. 1990). In *Williams*, the court refused to reduce a husband's court-ordered maintenance to his former wife because of her receipt of Social Security benefits. The court relied in part on the existence of a property settlement agreement which clearly designated that the instrument was the final settlement of all the parties' property rights and made no provisions for the adjustment of maintenance due to subsequent Social Security benefits to which the wife became entitled. The *Williams* court contrasted the agreement before it with the one in *Board v. Board*, 690 S.W.2d 380 (Ky. 1985), in which the existence of a separation agreement did not prevent the court from crediting Social Security benefits. The *Williams* court found that the property settlement agreement before it provided only for spousal maintenance, whereas, in *Board*, the agreement provided for payment of child support. Thus, the *Williams* court held that the Social Security payments made to the wife involved Social Security benefits the wife has earned a right to receive by virtue of her marital relationship and as a result of her participation in and contribution to the marriage.

## 2. NEBRASKA PRECEDENT

Those decisions holding that Social Security payments are not automatically offset but are a factor to be considered are consistent with decisions in other Nebraska cases governing crediting of Social Security toward court-ordered child support.

In a creditor's bill to enforce a judgment for back child support, Social Security payments to a divorced wife paid for the benefit of her children, following an incapacitating auto accident suffered by the father subsequent to the divorce, were held to have been properly credited against the final judgment. *Schulze v. Jensen*, 191 Neb. 253, 214 N.W.2d 591 (1974). Affirming a judgment which found the father liable, the *Schulze* court rejected the contention that it had been error to credit the Social Security benefits received against the child support obligation because such payments were from a collateral governmental source and did not relieve the father from his obligation under the divorce decree. The court concluded that the payments resulted directly from the father's accidental disability and were a substitute for his loss of earning power and his obligation to pay for the support of his dependents.

Under different facts, the trial court in *Lainson v. Lainson*, 219 Neb. 170, 362 N.W.2d 53 (1985), refused to credit the Social Security benefits received by the minor child against the father's child support obligation. On appeal, we held that the action was within the trial court's discretion and that *Schulze* did not mandate that the disability payments be offset. At the time the trial court entered its decree, it was aware of the father's disability and of the Social Security payments being made in the child's behalf. We reasoned that the trial court considered the overall situation of both parents and the child, as well as the earning capacity of the father, in making its decision to refuse to consider Social Security payments the mother received.

After reviewing both the *Schulze* and *Lainson* cases, we, in *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990), held that Social Security payments made to the obligor's child on account of the obligor's disability are to be considered as credits toward the obligor's court-ordered support obligation,

absent circumstances making allowance of such credit inequitable. In so doing, we noted that the relief granted the obligor is an equitable credit for the disability benefits received by the children, which is by nature different from a retroactive modification of a vested and accrued obligation.

### 3. APPLICATION OF PRECEDENT

The fact situation in this case is different from those in *Schulze, Lainson,* or *Hanthorn.* Here, the father has died and the estate is seeking to offset child support payments by the amount of Social Security benefits received on behalf of the daughter.

In reported cases involving Social Security death benefits paid to a child, courts have allowed the noncustodial parent to credit Social Security payments toward child support, even though the payments are received on account of the death of the noncustodial parent. As the court pointed out in *In re Marriage of Meek,* 669 P.2d 628 (Colo. App. 1983), Social Security death benefits represent money earned and contributed through the efforts of a working parent or spouse, which payments, like proceeds on an insurance policy, substitute as income to the worker's family should he or she die or become disabled. The court in *In re Marriage of Meek* therefore treated the benefits to which the minor child was entitled as a result of her father's death as payments in the nature of support. See, also, *Bowden v. Bowden,* 426 So. 2d 448 (Ala. Civ. App. 1983) (under North Carolina law, death benefits paid minor from Social Security account of deceased father could be credited against monthly obligations under separation agreement of parents); *Board v. Board, supra* (estate of deceased father entitled to have its obligation for child support credited for Social Security benefits paid for child support); *Gibson v Gibson,* 110 Mich. App. 666, 313 N.W.2d 179 (1981) (all relevant factors, including child's income from Social Security payments, must be considered by trial court in deciding request made by personal representative of estate of deceased former husband to discharge child support payments to extent of Social Security benefits received by child). Contra, *Matter of Estate of Patterson,* 167 Ariz. 168, 805 P.2d 401 (Ariz. App. 1991)

(noncustodial parent not entitled to credit against child support obligation for federal benefits children would have been entitled to receive regardless of divorce and that do not decrease noncustodial parent's own income); *Estate of Brummett by Brummett v. Brummett*, 472 N.E.2d 616 (Ind. App. 1984) (trial court did not abuse discretion in failing to revoke child support order when, as result of death of parent obligated to pay support, beneficiary of order was receiving Social Security survivor's benefits); *In re Marriage of Foley*, 501 N.W.2d 497 (Iowa 1993) (income child receives from Social Security, as beneficiary of deceased parent, not available for offset against adoptive parent's child support obligations).

Whether the Social Security benefits are received because of disability, retirement, or death of the obligor, courts allowing credit for Social Security payments against the parent's child support obligation reason that dependency benefits are not a mere gratuity from the federal government. The benefits have been earned in part through the employee's payment of Social Security taxes. See, *Flemming v. Nestor*, 363 U.S. 603, 80 S. Ct. 1367, 4 L. Ed. 2d 1435 (1960), *reh'g denied* 364 U.S. 854, 81 S. Ct. 29, 5 L. Ed. 2d 77; *Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976); *Andler v. Andler*, 217 Kan. 538, 538 P.2d 649 (1975); *Chase v. Chase*, 74 Wash. 2d 253, 444 P.2d 145 (1968). It should not matter to the custodial party that the obligor is given credit; the purpose of the order has been accomplished. See, also, *Binns v. Maddox*, 57 Ala. App. 230, 327 So. 2d 726 (1976); *McCloud v. McCloud*, 544 So. 2d 764 (La. App. 1989); *Newton v. Newton*, 622 S.W.2d 23 (Mo. App. 1981). As the Arkansas court indicated in *Cash v. Cash*, 234 Ark. 603, 353 S.W.2d 348 (1962), the Social Security payments made by the federal government to the dependent son were earned in part by the appellant himself and were not altogether a gift from the federal government.

In like fashion, we have ruled that amounts paid to a mother under a military allotment are to be credited against child support payments owed by the father. *Hopwood v. Hopwood*, 169 Neb. 760, 100 N.W.2d 833 (1960). In affirming the judgment of the trial court that the father was not indebted to the mother, the court found that the payment of allotments,

including the amount deducted from the soldier's pay and that allowed by the government under the Servicemen's Dependents Allowance Act of 1942, would be applied against the father's child support obligation. In so holding, the court found that the right to this additional allowance from the government was wholly dependent on the fact that the father was serving in the armed services.

In *Hanthorn v. Hanthorn*, 236 Neb. 225, 227, 460 N.W.2d 650, 652 (1990), the noncustodial parent who sought credit for Social Security benefits filed an " 'Application for Credit for Social Security Payments on Child Support.' " The court did not require a modification hearing, although a hearing was held to adduce evidence. Likewise, in *Schulze v. Jensen*, 191 Neb. 253, 214 N.W.2d 591 (1974), the crediting of Social Security benefits toward court-ordered child support was done from a creditor's bill.

On the other hand, a modification hearing implies a change in the amount of the court's order on behalf of the minor child and, consequently, requires a material change in circumstances. See, *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993); *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992). Here, no change in the amount of payment is requested; the only change is the source of that payment. Therefore, a request to credit Social Security benefits does not require a modification hearing as such, but, rather, only an opportunity for the custodial parent to adduce evidence of any inequity that might occur as the result of crediting Social Security benefits toward court-ordered child support. See *Board v. Board*, 690 S.W.2d 380 (Ky. 1985) (crediting of Social Security child support benefits against supporting parent's child support obligation is not a "modification" of divorce decree requiring motion and procedure).

In view of that distinction, the evidential hearing granted by the district court provided the mother with the opportunity to adduce any evidence of inequitableness arising by virtue of crediting the Social Security benefit of $832 per month against the father's court-ordered child support obligation. No such evidence was adduced.

## V. JUDGMENT

The district court's ruling to credit Social Security benefits toward the father's court-ordered child support did not constitute an abuse of discretion. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., not participating.