## S. Janet Gress, appellee, and State of Nebraska, intervenor-appellee, v. Bernard D. Gress, appellant.

596 N.W. 2d 8

Filed June 11, 1999.   No. S-98-403.

John C. Hahn, of Jeffrey, Hahn, Hemmerling & Zimmerman, P.C., for appellant.

Danelia F. Kracht, Deputy Lincoln County Attorney, for intervenor-appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

This is an appeal from an order allowing a parent's Social Security benefits to be credited against his child support obligations on a month-to-month basis but not allowing excess benefits to be credited against his accrued arrearage. The primary issue on review is whether monthly Social Security benefits received for the benefit of a minor child which are in excess of a monthly support obligation should be applied to past-due child support arrearage. We determine that excess Social Security benefits should be applied to child support arrearage which has accrued since the date of the occurrence which entitled the parent to receive benefits and remand the cause to the district court with directions.

## BACKGROUND

On September 30, 1974, appellant Bernard D. Gress (Gress) and S. Janet Gress were divorced and a decree of dissolution was entered by the district court for Lincoln County, Nebraska. Janet Gress was given custody of the parties' then minor child, Bradford Dean Gress, born June 6, 1968. Gress was ordered to pay child support in the amount of $250 per month commencing October 1, 1974, and continuing through June 6, 1987.

The district court records reveal that Gress made regular payments for both child support and spousal support from July 1974 through September 1975, totaling $400 to $600 per month. The amount of the payments began to decrease in August 1975, and after September 1975, there does not appear to be another pay-

ment until January 1978. From January until August 1978, Gress made payments ranging from $50 to $150 per month.

On August 3, 1978, it was determined that Gress had fallen behind in his child support payments and that there was an accumulated arrearage in the amount of $8,225. An order was entered by the district court for Lincoln County upon stipulation of the parties, reducing child support from $250 per month to $100 per month, effective August 1, 1978. The order further required Gress to make additional payments of $50 per month to purge the arrearage. From August 1978 through June 1979, Gress made payments averaging $150 per month. The record does not indicate any other payments made by Gress until January 1998, when he began making payments of $100 per month through August 1998.

In July 1979, Gress became eligible for Social Security benefits. However, the record does not disclose when Gress became disabled or any information related to his disability. After Gress became eligible for benefits, Social Security payments were made for the benefit of Bradford in the following monthly amounts: $185 from August to October 1979, no payments from November 1979 to June 1980, $26.60 from July 1980 to June 1981, $50.40 from July 1981 to June 1982, $67 from July to November 1982, $253 from December 1982 to December 1983, $262 from January to December 1984, $271 from January to December 1985, and $280 from January to June 1986. Bradford stopped receiving Social Security benefits after June 3, 1986.

On November 17, 1997, the deputy county attorney for Lincoln County filed a motion on behalf of the State of Nebraska to credit Gress' child support obligation with the Social Security benefit payments that were made for the benefit of Bradford. The purpose of the motion was to determine the amount of child support arrearage and accrued interest still owing. The State became a real party in interest, by virtue of the filing, as an intervenor. See Neb. Rev. Stat. § 43-512.03 (Cum. Supp. 1996). The State's motion requested (1) a credit against child support equal to the amount of the monthly Social Security payment when the payment was less than the monthly child support obligation and (2) a suspension of child support for those months in which the Social Security payment exceeded the

monthly child support obligation. Gress argued that the Social Security benefits paid in excess of each month's child support obligation, instead of being suspended, should be credited against the outstanding balance he owed in arrearage.

On March 31, 1998, the district court for Lincoln County entered an order granting the State's motion to credit the child support payments as set out in the State's motion of November 17, 1997. Gress appealed the decision to the Nebraska Court of Appeals, and we removed the case to our docket pursuant to our power to regulate the Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). The State and Gress are the only participants in this matter, as Janet Gress is not a party to this appeal.

## ASSIGNMENTS OF ERROR

Gress contends, rephrased, that the district court erred in refusing to credit excess Social Security benefits received by Janet Gress for the benefit of Bradford against Gress' child support arrearage.

## STANDARD OF REVIEW

■ The standard of review of an appellate court in child support cases is de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion. *Berg v. Berg*, 238 Neb. 527, 471 N.W.2d 435 (1991); *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990).

■ Whether excess Social Security benefits should be credited against child support arrearage is a question of law. To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999); *Popple v. Rose*, 254 Neb. 1, 573 N.W.2d 765 (1998).

## ANALYSIS

We have clearly established that a noncustodial parent is entitled to credit against a monthly child support obligation for Social Security benefits paid to his or her minor child as a result of the noncustodial parent's disability. *Hanthorn v. Hanthorn, supra.* However, whether Social Security benefits exceeding the

amount of monthly child support should be credited toward child support arrearage is an issue of first impression in this state.

In *Hanthorn v. Hanthorn, supra,* we held that Social Security payments made to a parent's child on account of the parent's disability should be considered as credits toward the parent's court-ordered support obligation in the absence of circumstances making the allowance of such a credit inequitable. Such benefit payments are the result of the obligor's disability and are a substitute for the obligor's loss of earning power and his or her obligation to pay for the support of his or her dependents. *Schulze v. Jensen,* 191 Neb. 253, 214 N.W.2d 591 (1974).

We qualified our holding in *Hanthorn v. Hanthorn,* 236 Neb. at 232, 460 N.W.2d at 654, however, by noting that a Social Security payment made in a particular month operates as a satisfaction of the court-ordered child support only on a month-to-month basis, and a "payment in a particular month may not be carried over to satisfy court-ordered support amounts owing in *future* months." (Emphasis supplied.) We also noted that the credit allowed for the disability benefit is an equitable credit, which in no way modifies the underlying obligation of the parent to meet his or her child support payments. *Id.*

In *Brewer v. Brewer,* 244 Neb. 731, 509 N.W.2d 10 (1993), we explained that Social Security dependency benefits are not a mere gratuity from the federal government. The benefits have been earned in part through an employee's payment of Social Security taxes. Consequently, a request to credit Social Security benefits is a request for a change in only the source of payment, paid on behalf of the employee, and therefore does not require a modification hearing, but, rather, only an opportunity for the custodial parent to adduce evidence of any inequity that might occur as the result of crediting those benefits to court-ordered child support. *Id.*

Relying on our holdings in *Brewer v. Brewer, supra,* and *Hanthorn v. Hanthorn, supra,* Gress argues that the Social Security payments made on his behalf for the benefit of Bradford were a substitute for Gress' income and, therefore, that any payments in excess of his monthly obligation should be credited to his child support arrearage. The State, however,

focuses on our language in *Hanthorn*, and argues that because excess benefits may not be carried over to future payment obligations, excess benefits may also not be applied to past-due amounts. The State insists that Social Security benefits can be applied only to the current month's obligation. If Social Security benefits exceed the amount due for the month, they are a gratuity for the dependents. If the benefits are less than the amount due, the noncustodial parent is obligated to pay the difference.

This court has never held that Social Security benefits may not be applied to child support arrearage. The holding in *Hanthorn* that Social Security payments in a particular month may not be carried over to future months was based on the fact that future child support payments had not yet accrued and were subject to modification.

Child support payments become a vested right of the payee in a dissolution action as they accrue. *Berg v. Berg*, 238 Neb. 527, 471 N.W.2d 435 (1991). While a past-due child support arrearage is already accrued and vested, a future payment is not. *Id.* A court may, therefore, modify the amount of child support due in the future but may not forgive or modify past-due child support. *Id.* See, also, *Contra Costa Cty. ex rel. Petersen v. Petersen*, 234 Neb. 418, 451 N.W.2d 390 (1990) (holding that although prospective modification of ongoing duty of support is permitted, retroactive modification of accrued arrearage in child support which becomes vested as it accrues is not).

Although arrearages are nonmodifiable, an equitable credit against an arrearage is not a modification of a child support obligation. An equitable credit for Social Security disability benefits is "by nature different from a retroactive modification of a vested and accrued obligation." *Hanthorn v. Hanthorn*, 236 Neb. 225, 230, 460 N.W.2d 650, 654 (1990). Such a credit does not modify the amount of child support owed; it simply recognizes another source of payment for the obligation. See *Brewer v. Brewer*, 244 Neb. 731, 509 N.W.2d 10 (1993). Accordingly, a noncustodial parent may be entitled to an equitable credit against child support arrearage, but there is no entitlement to credit against future child support payments. Future obligations are not yet accrued, and because they are subject to modification, they are not ascertainable.

Many jurisdictions deem excess benefits as a gratuity on behalf of the children. See *In re Marriage of Cowan*, 279 Mont. 491, 928 P.2d 214 (1996); *Weaks v. Weaks*, 821 S.W.2d 503 (Mo. 1991); *Children & Youth Services v. Chorgo*, 341 Pa. Super. 512, 491 A.2d 1374 (1985). Some jurisdictions refusing to credit excess Social Security benefits against accrued child support arrearage have reasoned that child support is meant to provide for the immediate needs of the child. The obligor should, therefore, not be permitted to accumulate arrearage in anticipation of future government benefits, while leaving the children's current needs unmet. See, *Coulon v. Coulon*, 915 P.2d 1069 (Utah App. 1996); *Children & Youth Services v. Chorgo, supra*; *Mask v. Mask*, 95 N.M. 229, 620 P.2d 883 (1980).

We find, however, that it would be inequitable to punish a disabled parent unable to meet his or her current child support obligations because of an inability to work during the period in which the obligation accrued. Additionally, parties seeking credit for disability benefits often face significant health and financial problems. We therefore determine that the more reasoned approach is to allow an equitable credit for excess Social Security benefits against child support arrearage with certain qualifications.

As we have stated, the credit allowed for Social Security benefit payments is equitable in nature. Equitably, a noncustodial parent is entitled to utilize Social Security benefits as a substitute for his or her income during the period for which he or she is entitled to receive benefits. We acknowledge, however, that often there is a lapse of time between when a person is entitled to receive benefits and when payments are actually received. See, *Hern v. Erhardt*, 113 Nev. 1330, 948 P.2d 1195 (1997); *Frens v Frens*, 191 Mich. App. 654, 478 N.W.2d 750 (1991); *Newman v. Newman*, 451 N.W.2d 843 (Iowa 1990).

*Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976), is one of the earlier cases recognizing the lapse of time between incurring a disability and the commencement of benefits, and permitting credit for arrearage accrued during this time period. In *Potts*, a noncustodial father brought an action seeking credit for excess Social Security disability payments made to his dependent children against his prior and subsequent child support obligation.

The record in the case disclosed that a portion of the arrearage had accrued after his disability but prior to the commencement of Social Security benefits, and the remainder of the arrearage accrued after Social Security payments were terminated. The court reasoned:

> Ordinarily a disabled parent should be credited for social security dependency payments only to the extent of his child support obligation during the period such benefits are paid. This will usually cover the period of disability. But in an exceptional case like the present one where a child support arrearage occurred because of a lapse of time between the occurrence of the disability and the commencement of benefit payments, any excess of payments over obligation during the benefit period may fairly be credited against that arrearage. Such credit does not unreasonably vary the decree or divert the social security benefits from their purpose.

*Id.* at 682. Accord *Miller v. Miller*, 929 S.W.2d 202 (Ky. App. 1996).

We are in agreement with this reasoning and determine that the date of the occurrence which entitles a person to Social Security benefits should be used for purposes of establishing when the benefits may be utilized as a substitute for income. See, *Hern v. Erhardt, supra* (holding critical time period with respect to applying Social Security disability benefits as credit against child support arrearage is when parent under support obligation becomes disabled); *Weaks v. Weaks, supra* (finding that recipient of disability benefits is commonly deprived of only means of support upon becoming disabled); *Potter v. Potter*, 169 N.J. Super. 140, 404 A.2d 352 (1979) (holding Social Security regarded as fully substitutionary for lost earning power during period of time when parent is disabled and unable to work).

Equitable considerations lead us to allow excess Social Security dependency benefits to be credited against child support arrearage which has accrued from the date of the occurrence which entitled the parent to such benefits, unless the allowance of such credit, in the particular case, would be inequitable. See *Hanthorn v. Hanthorn*, 236 Neb. 225, 460

N.W.2d 650 (1990). This, however, does not relieve the parent from making a good faith effort to apply for dependent benefits as soon as possible. See *Hern v. Erhardt, supra.*

The record in this case does not present any evidence of inequity in crediting Gress for his child support arrearage. However, the record does not indicate the date of the occurrence which entitled Gress to benefits. We therefore remand the cause to the district court for a determination of the date of the occurrence which entitled Gress to benefits. The district court is directed to apply any excess Social Security benefits to all vested arrearage which accrued from the date of the occurrence which entitled Gress to utilize Social Security benefits as a substitute for his income. As to the arrearage which accrued prior to the date of the occurrence, no credit may be given.

## CONCLUSION

We remand this cause to the district court for determination of the date of the occurrence which entitled Gress to Social Security benefits with directions to credit any excess benefit payments to all vested arrearage which accrued from that date.

REVERSED AND REMANDED WITH DIRECTIONS.