IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

NAVRATIL V. KERMMOADE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BENJAMIN A. NAVRATIL, APPELLEE,

V.

ALEESHA R. KERMMOADE, APPELLANT, AND STATE OF NEBRASKA, INTERVENOR-APPELLEE.

Filed August 9, 2022.    No. A-21-802.

Appeal from the District Court for Lancaster County: RYAN S. POST, Judge. Affirmed.

Nicholas R. Glasz for appellant.

Dana M. London for appellee.

Natalie Taylor Lips, Deputy Lancaster County Attorney, for intervenor-appellee.

PIRTLE, Chief Judge, and BISHOP and ARTERBURN, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Aleesha R. Kermmoade appeals from an order of the district court for Lancaster County modifying Benjamin A. Navratil's child support obligation and allowing Social Security disability benefits paid to the parties' children as a result of Navratil's disability to be credited against his child support obligation. Based on the reasons that follow, we affirm.

## BACKGROUND

Kermmoade and Navratil have two children together, one born in 2008 and the other in 2010. On October 8, 2014, an order was entered establishing paternity, custody, and child support.

An order of modification was entered on August 19, 2019, which modified Navratil's child support obligation. He was ordered to pay $1,426 per month in child support, but was given an

ongoing credit in the amount of $612 per month ($306 per child) based on Social Security disability benefits the children were receiving due to Navratil's disability.

On July 24, 2020, Navratil filed a complaint for modification alleging that application of the Nebraska Child Support Guidelines would result in a decrease in his support obligation by at least 10 percent, resulting in a material change in circumstances. Kermmoade filed an answer and counterclaim.

At trial Navratil testified that the children each receive disability benefits due to his disability. He testified that he was asking the court to continue its prior order giving him credit against his child support obligation for the disability benefits the children receive.

Kermmoade sought to introduce evidence to show that Navratil was not exercising his parenting time with the children and, therefore, allowing him credit for the disability benefits paid to the children was inequitable. She testified that she has full legal and physical custody of the children and that Navratil has therapeutic visitation that he does not exercise. Navratil's counsel objected to the line of questioning, arguing that parenting time was irrelevant to the calculation of child support. The trial court sustained the objection. The court explained that based on its reading of *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990), parenting time is not a consideration in determining whether credit for disability benefits would be inequitable in a given situation. The court told Kermmoade to "stick to whether or not the money portions [are] inequitable."

Following trial, on September 23, 2021, the trial court entered an order finding that a material change in circumstances had occurred in that application of the child support guidelines resulted in a decrease in Navratil's child support obligation by at least 10 percent. Accordingly, the court reduced Navratil's child support obligation to $1,091 per month. It further ordered that he would receive an ongoing credit toward his child support obligation in the amount of $624 per month ($312 per child) as a result of disability benefits being paid to the children due to Navratil's disability.

## ASSIGNMENTS OF ERROR

Kermmoade alleges six assignments of error, but only argues two of them. Errors that are assigned but not argued will not be addressed by an appellate court. *Dick v. Koski Prof. Group*, 307 Neb. 599, 950 N.W.2d 321 (2020), *modified on denial of rehearing* 308 Neb. 257, 953 N.W.2d 257 (2021). Accordingly, we will only address the two assignments of error that were also argued.

Kermmoade assigns that the trial court erred in (1) determining that the disability benefits paid to the children should be credited against Navratil's monthly child support obligation, and (2) failing to allow Kermmoade to introduce evidence to show that it was inequitable to give Navratil credit for disability benefits.

## STANDARD OF REVIEW

Modification of child support is entrusted to the discretion of the trial court. *State on behalf of Nathaniel R. v. Shane F.*, 30 Neb. App. 797, 973 N.W.2d 191 (2022). An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Id.* A judicial abuse of discretion exists if the reasons

or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

ANALYSIS

Kermmoade does not dispute the trial court's finding that application of the child support guidelines resulted in a decrease in Navratil's support obligation by at least 10 percent, or the adjustment in the amount of child support as a result. See Neb. Ct. R. § 4-217. Kermmoade assigns that the trial court erred in determining that the disability benefits the children receive as a result of Navratil's disability should be credited against his monthly child support obligation, and failing to allow Kermmoade to introduce evidence to show that allowing Navratil such credit was inequitable.

We first note that the court had previously ordered disability benefits to be credited against Navratil's child support obligation in its August 19, 2019, modification order. In the present case, Kermmoade did not plead in her answer and counterclaim that any material change in circumstances existed to warrant modifying the prior order in regard to the credit allowed. In fact, her counterclaim asked the court to dismiss Navratil's complaint for modification and continue its previous order. Kermmoade argued at trial, however, that she pled in her counterclaim that the disputed issue was support for the children and the disability benefits relate to or are part of their support. She further argued that she intended to show there was a material change in circumstances such that the credit was now inequitable.

The party seeking the modification of child support has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification. *State on behalf of Nathaniel R. v. Shane F., supra*. A party seeking to modify a child support order must show a material change in circumstances that (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered. *Tilson v. Tilson*, 307 Neb. 275, 948 N.W.2d 768 (2020). Kermmoade suggested at trial that Navratil was not exercising his parenting time with the children and that this was a material change in circumstance that made it inequitable to continue the disability benefits credit.

In *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990), which the trial court relied on, the Nebraska Supreme Court held that disability benefit payments made to a parent's child on account of the parent's disability should be considered as credits toward the parent's court-ordered support obligation, in the absence of circumstances making the allowance of such a credit inequitable. Such benefit payments are the result of the obligor's disability and are a substitute for the obligor's loss of earning power and his or her obligation to pay for the support of his or her dependents. *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999).

The holding in *Hanthorn* clearly states that disability payments made to a child as a result of the parent's disability should be credited toward that parent's child support obligation. *Hanthorn* allows for an exception when there are circumstances that would make such a credit inequitable.

Kermmoade argues that the court misconstrued the holding in *Hanthorn* when it limited the circumstances that would make a credit inequitable to a consideration of money. In other words, the court found that the exception applies when a custodial parent can show that financial circumstances exist that would make it inequitable to give the credit against the child support obligation. Kermmoade argues that *Hanthorn* allows for other circumstances to be considered,

such as whether the parent getting the credit is exercising parenting time with the parties' children. She contends, therefore, that the court erred in not allowing her to present evidence regarding Navratil's parenting time to show that continuing the credit was inequitable.

We conclude that the trial court did not misinterpret the holding in *Hanthorn.* Under the Nebraska Child Support Guidelines, parenting time has no relationship to child support, except in limited circumstances, such as joint physical custody, which are not present here. And even in those limited circumstances, only the parenting time awarded to each parent is taken into consideration, not whether the parents are exercising the time awarded. Similarly, parenting time is not relevant in determining whether credit for disability benefits would be inequitable in a given situation. As previously stated, the disability benefits are a substitute for a disabled parent's loss of earning power and his obligation to pay for the support of his children. See *Gress v. Gress, supra.* The amount of disability benefits credited toward child support is only a change in the source of payment. *Id.* Therefore, Kermmoade failed to show that a material change in circumstances occurred subsequent to the entry of the previous modification to warrant changing the credit for disability benefits against Navratil's child support obligation.

In her brief, Kermmoade also invites this court to overturn our Supreme Court's decision in *Hanthorn*. This we cannot do. The Nebraska Court of Appeals lacks the authority to overrule Nebraska Supreme Court precedent. See *State v. Vann*, 306 Neb. 91, 944 N.W.2d 503 (2020).

Kermmoade also argues that she was denied an opportunity to present evidence supporting her argument that it would be inequitable to continue allowing Navratil the credit. However, Kermmoade did not provide an offer of proof to indicate what the evidence would have shown. In order to predicate error upon a ruling of the court refusing to permit a witness to testify, the record must show an offer to prove the facts sought to be elicited. See *Boamah-Wiafe v. Rashleigh*, 9 Neb. App. 503, 614 N.W.2d 778 (2000). In the absence of an offer of proof, the question becomes whether the substance of the evidence was apparent from the context within which the question was asked and whether the evidence would have been material and competent. *Id.* We know that Kermmoade sought to introduce additional testimony about Navratil failing to exercise his parenting time. Based on our above analysis, we conclude that even if Kermmoade had been allowed to present additional testimony in regard to Navratil's parenting time, it would not have shown that continuing the credit was inequitable.

We conclude that the trial court did not err in determining that the disability benefits the children receive as a result of Navratil's disability should continue to be credited against his monthly child support obligation or in failing to allow Kermmoade to introduce evidence to show that allowing Navratil such credit was inequitable. Kermmoade's two assignments of error fail.

CONCLUSION

Based on the reasons above, the district court's order modifying Navratil's child support obligation and allowing disability benefits paid to the parties' children as a result of Navratil's disability to continue to be credited against his child support obligation is affirmed.

AFFIRMED.