IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


HYBERGER V. HYBERGER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


KJERSTEN L. HYBERGER, APPELLANT,

V.

JOSEPH W. HYBERGER, APPELLEE.


Filed May 28, 2024.    No. A-23-393.


Appeal from the District Court for Lancaster County: LORI A. MARET, Judge. Reversed and remanded with directions.

James D. Hamilton, of Hamilton Law Firm, for appellant.

No appearance for appellee.


MOORE, ARTERBURN, and WELCH, Judges.

MOORE, Judge.

### INTRODUCTION

Kjersten L. Hyberger appeals from the order of the district court for Lancaster County denying her motion to reconsider the court's dismissal of her complaint to modify the child support awarded in the decree dissolving her marriage to Joseph W. Hyberger. For the reasons set forth herein, we reverse and remand with directions.

### STATEMENT OF FACTS

Kjersten and Joseph were married in 1999. They had five children born in 1999, 2001, 2003, 2005, and 2007.

On September 9, 2010, the district court entered a decree dissolving the parties' marriage. The court awarded Kjersten sole legal and physical custody of the children. The court found the custody and property settlement, with attached parenting plan, to be fair and reasonable; adopted

- 1 -

its terms, conditions, and provisions; and ordered the parties to carry out the terms of the agreement and parenting plan. Pursuant to the parties' agreement, the court ordered Joseph to pay child support of $547.07 per month for five children (as well as when there were four and then three children residing with Kjersten), $518.07 for two children, and $357.66 for one child. The child support worksheet attached to the decree shows monthly incomes of $1,200 for Kjersten and $1,603 for Joseph. The worksheet reflects that Joseph's final share of the child support obligation for five children, $762.37, was adjusted to $547.07 pursuant to Neb. Ct. R. § 4-218 (rev. 2009) (basic subsistence limitation).

On September 29, 2022, Kjersten filed a complaint for modification. She alleged the parties had previously modified the decree in other respects but that the child support ordered by the district court had never been modified. Kjersten alleged that a material change in circumstances had occurred since entry of the decree in that her earnings had significantly decreased due to her efforts to complete a post high school degree, and that Joseph's earnings had significantly increased. She alleged that the parties had worked together to agree to a modification consistent with Nebraska law and the child support guidelines that also took into account "years for which [Joseph] was not providing child support consistent with the guidelines due to [Kjersten's] financial inability to seek modification." And, she alleged that modification was in the children's best interests.

A voluntary appearance for Joseph (appearing to bear his handwritten signature and dated October 7, 2022) was filed with the district court on October 13. The certificate of service for this filing bears the electronic signature of Kjersten's attorney.

On December 13, 2022, Kjersten filed a motion for default judgment. She alleged that since entry of the voluntary appearance, Joseph had failed to answer the complaint or otherwise plead and that his failure to do so placed him in default. She alleged that modification of the decree was appropriate and was in the children's best interests. She asked the court to find Joseph in default and to grant modification of the underlying decree.

A hearing was held before the district court on January 30, 2023. Kjersten appeared with her attorney; Joseph did not appear and was not represented. The court received exhibits offered by Kjersten and heard testimony from her.

Kjersten testified that the child support ordered in the decree "ha[d] remained at 2010 state minimums." According to Kjersten, in early 2022, she began discussing modification of child support with Joseph. She indicated that prior to asking her attorney to discuss modification with Joseph, her discussions with Joseph had been "spotty," that "sometimes he communicates back, sometimes he doesn't." She testified that when they did talk, Joseph said he "completely understood" and he agreed "[Kjersten] should get a raise in child support because he was no longer unemployed and has been employed for a number of years." She testified that Joseph "apologized again for doing all of this to [her] and leaving [her] and the kids so high and dry," assured her "that again, he wouldn't drop off" and that he "agreed to what [she] was asking," and assured her "he would help this go quick and smooth."

At the time Kjersten began modification discussions with Joseph, the parties' three youngest children were still "at home"; the oldest of these, the parties' third child, turned 19 in early 2022. In discussing her modification request with Joseph, Kjersten informed him that she felt it was important he continue to pay support for three children beyond the time the parties' third

child turn 19 "to make up for the fact that he had not been paying increased child support prior to that." According to Kjersten, Joseph "was fine" with this request. She stated he "just wanted me to . . . have the lawyer send it over" so he could "read it first," which they had "always done." Additionally, Kjersten discussed with Joseph her intent to have him pay support at the level for three minor children until the parties' fourth child turned 19, and to have him pay support at the level of two minor children until the youngest child turned 19. She testified that Joseph was "[v]ery" agreeable to that request as well.

Kjersten expressed her understanding that Joseph had been provided with a joint stipulation for modification after her modification complaint was filed. She indicated that Joseph had been "very agreeable" in conversation with her prior to signing the voluntary appearance, but that after signing, he had stopped communicating with her.

Kjersten asked the district court to deviate from the child support guidelines pursuant to her discussion with Joseph. She testified that Joseph had been paying just over $500 per month in child support for five children (and then four and three children) for the previous 12 years. She described this "incredibly low child support amount" as having "been difficult."

Kjersten offered and the district court received exhibit 5 (her most recent pay records), exhibit 6 ("the earnings of [Joseph] for the year 2022"), and exhibit 7 (a child support worksheet). Kjersten's pay records show that she is paid every 2 weeks and reflect net pay of $169 (pay period ending October 6, 2022), $207.85 (period ending October 20), $272.11 (period ending November 3), and $0 (period ending November 17); her year to date gross earnings as of the period ending November 17 were $4,806.50. The exhibit with Joseph's pay records includes information for his pay between December 15, 2021, and November 17, 2022 (includes 24 pay periods of 2 weeks each). Kjersten confirmed her understanding that exhibit 6 reflected Joseph's average earnings per month of $4,100. The child support worksheet submitted by Kjersten utilizes monthly income of $417.91 for her and $4,100 for Joseph. The worksheet does not show the calculation for three children; it reflects Joseph's final share of the obligation for two children of $827, for one child of $551, and no change in those amounts under Neb. Ct. R. § 4-218 (rev. 2024).

On March 30, 2023, the district court entered an order of dismissal. The order reads as follows:

> On the 30ᵗʰ day of January, 2023, the above matter came on for hearing on [Kjersten's] Complaint to Modify. [Kjersten's attorney] appeared with and on behalf of [Kjersten]. [Joseph] did not appear, and was not represented, although having purportedly sign[ed] a Voluntary Appearance that was filed with the Court by [Kjersten]. Evidence was adduced, and after hearing argument of counsel, the matter was taken under advisement.
>
> Having reviewed the evidence presented and considered the arguments of counsel, the Court finds that there is insufficient evidence to grant the relief requested. The matter is therefore dismissed, without prejudice.
>
> So Ordered.

On April 7, 2023, Kjersten filed a motion, asking the district court to reconsider and vacate its order of dismissal. She outlined the procedural history of the case, restated the allegations of her complaint for modification, and asked the court to reconsider its dismissal on the grounds that judicial economy and the interests of the parties would be best served by denying her motion for

default judgment and allowing her to set the modification complaint for further hearing to adduce evidence.

The district court entered an order on April 24, 2023, denying Kjersten's motion to reconsider. The record on appeal does not include a bill of exceptions from the hearing on Kjersten's motion, but the order indicates that a hearing was held on April 24, that Kjersten's attorney appeared, that Joseph did not appear and was not represented, and that after hearing arguments from Kjersten's attorney, the court took the matter under advisement. Without further elaboration, the court denied Kjersten's motion. Kjersten subsequently perfected her appeal to this court.

## ASSIGNMENTS OF ERROR

Kjersten asserts that the district court abused its discretion in failing to modify the decree and in dismissing her complaint.

## STANDARD OF REVIEW

Modification of a judgment or decree relating to child custody, visitation, or support is a matter entrusted to the discretion of the trial court, whose order is reviewed by an appellate court de novo on the record, and will be affirmed absent an abuse of discretion. *Ewing v. Evans*, 32 Neb. App. 531, 1 N.W.3d 571 (2023). A judicial abuse of discretion exists if the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Knapp v. Knapp*, 32 Neb. App. 669, 4 N.W.3d 415 (2024).

Whether default judgment should be entered because of a party's failure to timely respond to a petition rests within the discretion of the trial court, and an abuse of discretion must affirmatively appear to justify a reversal on such a ground. *Buttercase v. Davis*, 313 Neb. 1, 982 N.W.2d 240 (2022), *modified on denial of rehearing* 313 Neb. 587, 985 N.W.2d 588 (2023), *cert. denied* ___ U.S. ___, 144 S. Ct. 151, 217 L. Ed. 2d 53.

## ANALYSIS

Kjersten asserts that the district court abused its discretion in failing to modify the decree and in dismissing her complaint. She observes that the court's order dismissing her complaint does not explain its reasons for doing so. She argues that if the court found insufficient evidence to support a default judgment, it should have denied that motion without dismissing the modification complaint altogether. As to the modification, she argues that a dismissal on that basis is not consistent with the child support guidelines based on the uncontroverted evidence she presented as to the changes in the parties' incomes since entry of the decree.

A party seeking to modify a child support order must show a material change in circumstances which (1) occurred subsequent to the entry of the original decree or previous modification and (2) was not contemplated when the decree was entered. *Kotas v. Barnett*, 31 Neb. App. 799, 990 N.W.2d 37 (2023). Among the factors to be considered in determining whether a material change of circumstances has occurred are changes in the financial position of the parent obligated to pay support, the needs of the children for whom support is paid, good or bad faith motive of the obligated parent in sustaining a reduction in income, and whether the change is

temporary or permanent. *Id.* The party seeking the modification has the burden to produce sufficient proof that a material change of circumstances has occurred that warrants a modification and that the best interests of the child are served thereby. *Id.*

Kjersten argues that the evidence presented at the modification trial was sufficient to establish a rebuttable presumption of a material change in circumstances. Neb. Ct. R. § 4-217 provides:

> Application of the child support guidelines which would result in a variation by 10 percent or more, but not less than $25, upward or downward, of the current child support obligation, child care obligation, or health care obligation, due to financial circumstances which have lasted 3 months and can reasonably be expected to last for an additional 6 months, establishes a rebuttable presumption of a material change of circumstances.

The worksheet attached to the decree resulted in an obligation for Joseph of $518.07 for two children and $357.66 for one child (prior to the deviation taken at that time); Kjersten's corresponding obligations at the time of the decree (and without the deviation) were $395.93 for two children and $273.34 for one child. The worksheet Kjersten offered at the modification hearing reflects an obligation for Joseph of $827 for two children and $551 for one child; and an obligation for Kjersten of $181 for two children and $138 for one child (adjusted to $50 pursuant to Neb. Ct. R. § 4-209 (rev. 2020) (minimum support in cases of very low income)).

In general, child support payments should be set according to the Nebraska Child Support Guidelines. *State on behalf of Nathaniel R. v. Shane F.*, 30 Neb. App. 797, 973 N.W.2d 191 (2022). Based on the record before us, if the district court credited Kjersten's evidence as to the changes in the parties' incomes, a modification of Joseph's child support obligation was warranted (even if the court only credited Kjersten's evidence as to her own current income). However, the court did not explain the reason for its dismissal beyond stating that there was "insufficient evidence to grant the relief requested." Thus, we are unable to determine whether the court did not credit Kjersten's evidence, did not find the deviation she sought warranted under the circumstances presented, or simply did not believe a default judgment appropriate. Without further explanation, the court's dismissal of Kjersten's complaint to modify appears to result in child support not in accordance with the guidelines. Accordingly, we reverse the order of the district court dismissing Kjersten's modification complaint. Upon remand, we direct the district court to explain the reasons for its dismissal. If the district court finds that the evidence was insufficient to support entry of a default judgment, the court may deny the motion for default judgment but allow further proceedings on the modification complaint.

CONCLUSION

Because the district court failed to specify the reasons for the dismissal of the complaint for modification, we cannot determine whether the court abused its discretion. We reverse the order of dismissal and remand the cause with directions to the district court to specify the reasons for the dismissal. In the event the court finds that the evidence was insufficient to grant the motion for default judgment, further proceedings on the complaint for modification should be allowed.

REVERSED AND REMANDED WITH DIRECTIONS.