IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE ON BEHALF OF BRANDON L. V. RICHARD L.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA ON BEHALF OF BRANDON L., A MINOR CHILD, APPELLEE,

V.

RICHARD L., APPELLANT.

Filed January 2, 2024.    No. A-23-135.

Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Affirmed.

Richard L., pro se.

Jessica Rasmussen and Megan E. Lutz-Priefert for appellee.

PIRTLE, Chief Judge, and MOORE and ARTERBURN, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Richard L. (pro se), appeals the decision of the district court for Douglas County dismissing his complaint to modify his child support obligation and his motion for revocation of stimulus withholding. Based on the reasons that follow, we affirm.

BACKGROUND

On December 16, 2021, Richard filed a complaint to modify his child support obligation, asking the court to reduce his child support obligation, reduce his payments toward his child support arrearages, and suspend the interest on the arrearages for the duration of his incarceration.

On the same day, Richard filed a "Motion for Revocation of Stimulus Withholding," alleging the Nebraska Department of Health and Human Services, Child Support Enforcement Unit (DHHS), wrongfully or unlawfully withheld coronavirus pandemic stimulus payments from him and he sought a refund of $1,800. Specifically, he alleged that on August 9, 2021, he received

- 1 -

a notice from DHHS that his stimulus payments were being withheld or garnished for past due child support. He further alleged that his stimulus payments were exempt from garnishment and sought an order requiring DHHS to refund his stimulus payments in the amount of $1,800.

As pointed out by appellee in its brief: "Richard . . . was incarcerated on October 30, 1996. An Order for support was entered on January 6, 2005, whereby Richard . . . was found to be the father of Natalia [H.], born 1994, and was ordered to pay child support of $50 per month." Brief for appellee at 19. He is serving a life sentence at the Nebraska State Penitentiary. Since Richard's child support obligation began in 2005, he has paid $3,611.41 in support. As of April 22, 2022, Richard owed $4,172.59--even accounting for a tax intercept in 2021. Richard's last payment was made via employer in-state wage withholding and was in the amount of $12.10.

A hearing was held regarding both motions on March 17, 2022, before a district court referee. On March 22, the referee issued a report recommending that Richard's complaint to modify child support be dismissed because there was no future monthly child support obligation to modify and the court does not have the authority to forgive past-due child support. Richard did not take exception to this recommendation. The district court subsequently dismissed Richard's complaint to modify child support.

Regarding the motion for revocation of stimulus withholding, Richard argued at the March 17, 2022, hearing that the garnishment of his stimulus payment was contrary to federal law. He did not offer any evidence to support his position.

The State argued the garnishment was proper and in accordance with the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) and the Consolidated Appropriations Act of 2021. The State offered two exhibits as evidence, both of which were received by the court. The first exhibit was a certified payment history of Richard's child support obligation dated March 15, 2022, showing his arrears balance, his interest balance, and the total balance due. The second exhibit was a letter dated August 6, 2020, sent to Richard from DHHS. The letter notified Richard that his past due child support amount would be referred to the U.S. Department of the Treasury for collection by administrative offset and federal tax refund offset, and to the Nebraska Department of Revenue for state tax refund offset. The letter also stated that certain federal payments which might otherwise be paid to him would be intercepted to pay past due child support. It further informed him that any federal or state tax refund to which he may be entitled could be intercepted to satisfy his debt. The letter also stated that he had the right to appeal the action and set forth the procedure for requesting an administrative review.

On June 16, 2022, the referee issued a report recommending that Richard's motion for revocation of stimulus withholding be denied. The referee's report explained that Congress enacted three Economic Impact Payments (EIP) during the coronavirus pandemic for individuals that were eligible. In April 2020, eligible parties received $1,200 per person pursuant to The CARES Act, 26 U.S.C. § 6428. In December 2020 and January 2021, Congress approved additional payments of $600 per eligible person pursuant to the Consolidated Appropriations Act (CAA) of 2021, 26 U.S.C. § 6428A. The third EIP is not at issue in the matter before us.

The referee found that the first payment under the CARES Act specifically authorized offsets for child support. Regarding the second payment of $600, the referee opined that the sole issue was "whether the funds intercepted were advance payments or tax credits, as the [CAA] of 2021 appears to address those funds in different manners as they pertain to eligibility for offset

and intercept." The referee concluded that Richard, as the moving party, had the burden to show the tax intercept was done unlawfully and he failed to meet his burden. The referee recommended, therefore, that Richard's motion be denied as to both stimulus payments.

Richard filed an exception to the referee's recommendation that his motion for revocation of stimulus withholding be denied and a hearing was held before the district court. On January 23, 2023, following the hearing, the district court entered an order adopting the recommendations of the referee and denying Richard's motion.

## ASSIGNMENTS OF ERROR

Richard assigns that the district court erred in failing to (1) modify his child support arrearage payments, and (2) order the return of his stimulus payments.

## STANDARD OF REVIEW

Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, we will affirm the trial court's decision absent an abuse of discretion. *Kotas v. Barnett*, 31 Neb. App. 799, 990 N.W.2d 37 (2023), review denied (July 17, 2023). In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions on the matters at issue. *Id.*

## ANALYSIS

*Child Support Modification.*

Richard first assigns that the district court erred in failing to modify his child support arrearage payments. The referee found that the minor child reached the age of majority in December 2013 so there was no ongoing monthly child support obligation. The amounts Richard owed were arrearages and corresponding interest.

Child support payments become a vested right of the payee as they accrue. See *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999). While a past-due child support arrearage is already accrued and vested, a future payment is not. *Id.* A court may, therefore, modify the amount of child support due in the future, but may not forgive or modify past-due child support. *Id.* Accordingly, the district court did not err in adopting the referee's recommendation that the court did not have the authority to forgive or modify Richard's child support arrearages and that the motion to modify child support should be dismissed. Richard's first assignment of error fails.

*Revocation of Stimulus Withholding.*

Richard next assigns that the district court erred in failing to order the return of his stimulus payments. For purposes of an explanation of the CARES Act and CAA, we quote the following from *Prance v. United States*, 2023 WL 6799101 at *1 (Fed. Cl. Oct. 13, 2023):

> Congress directed the Secretary of the Treasury via the CARES Act to make a $1,200 refundable tax credit available to all eligible individuals in the United States. [26 U.S.C. § 6428(a) (2018).] The law also provided for these payments to be made "as rapidly as possible" by allowing individuals to receive advance economic impact payments ("EIPs") before filing their taxes, instead of through a subsequent tax refund. Congress

established a December 31, 2020 deadline for requests to receive an EIP rather than a tax refund. The CAA then provided for an additional $600 payment using the same EIP-or-refund mechanism, with a deadline of January 15, 2021, for requesting an EIP. Congress authorized a third round of payments pursuant to [the American Rescue Plan Act] ARPA, this time of $1,400, again available either as EIPs or as a refundable tax credit. The deadline for requesting an EIP under ARPA was December 31, 2021.

Before issuing any federal income tax refunds, the Secretary of the Treasury is required to offset against the refund any debts a taxpayer may owe to another federal agency. Originally under the CARES Act, however, the first $1,200 of COVID relief payments were protected from offset for any purpose other than overdue child support. The CAA nevertheless retroactively amended the CARES Act to clarify that payments under the CARES Act and CAA were only exempt from offset if they had been requested as an EIP rather than part of a tax refund. ARPA likewise protected EIPs from offset but provided no protection for payments claimed as a tax refund.

(Citations omitted.)

We first address the offset or garnishment of Richard's $1,200 EIP under the CARES Act. Relying on several federal cases, the district court referee concluded that the CARES Act allowed for stimulus payments to be offset to collect delinquent child support obligations. In *Ortiz-Rivas v. Mnuchin*, 2021 WL 1400931 at *2 (E.D. Wis. Apr. 14, 2021), reconsideration denied, 2021 WL 3145849 (E.D. Wis. July 26, 2021), and appeal dismissed, 2021 WL 5544995 (7th Cir. Sept. 23, 2021), the court held:

The CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020), provides for the disbursement of "economic impact payments" (sometimes called "EIP payments") of $1,200 or more to certain taxpayers. See CARES Act § 2201, 134 Stat. 335, codified at 26 U.S.C. § 6428. Based on the plaintiff's allegations, it appears that his EIP was offset because he owed delinquent child support. The CARES Act authorizes such offsets. See fiscal.treasury.gov/top/faqs-for-public-covid-19.html (last visited March 24, 2021) (The Economic Impact Payment under the CARES Act can be offset only to collect delinquent child support obligations that have been referred by the state.). An individual's entire EIP authorized by the CARES Act can be offset, up to the amount of his or her child support debt. See *id.*

Similarly, in *Butler v. CHFS*, 2020 WL 7322717 at *1 (E.D. Ky. Dec. 11, 2020), the court held:

By its terms the CARES Act expressly provides that the "economic impact payment" of up to $1,200.00 per person cannot be offset against the kinds of debts expressly identified in Section 2201(d)(1) to (d)(3) of the Act. However, child support obligations are not one of the debts excepted from setoff. Accordingly, the stimulus payment can be garnished to pay past-due child support pursuant to Section 464 of the Social Security Act and Section 6402(c) of the Internal Revenue Code. See 26 U.S.C. §§ 6402(c) (2019), 26 U.S.C. § 6428 (2020). The website of the Internal Revenue Service dedicated to the CARES Act stimulus payment states this clearly: "Your [Economic Impact] Payment will be offset if you owe

- 4 -

past-due child support." Therefore none of the defendants violated the plaintiffs' federal rights by garnishing their stimulus payment to satisfy unpaid child support obligations.

See, also, *Smith v. Cameron*, 2022 WL 109217 at *2 (W.D. Ky. Jan. 11, 2022); *Martin v. Jefferson Cty. Dep't of Hum. Res.*, 2021 WL 2700333 at *2 (S.D. Ohio July 1, 2021); *Treadwell v. Mnunchin*, 2021 WL 1734338 at *3 (S.D. Ohio May 3, 2021). Accordingly, the first CARES Act stimulus payment can be garnished to satisfy unpaid child support pursuant to 42 U.S.C. § 664 and 26 U.S.C. § 6402(c). *Smith v. Cameron, supra.*

As the referee stated in his recommendation, the above cited cases involved inmates filing lawsuits when their CARES Act payments they were otherwise entitled to were intercepted and applied to their delinquent child support debt. The lawsuits were dismissed upon the courts concluding the payments could be garnished to pay past due child support. Accordingly, the referee found that Richard's CARES Act stimulus payment was not wrongfully intercepted and recommended that Richard's motion be denied as to that payment. The district court adopted the recommendation. We agree that Richard's CARES Act stimulus payment was properly garnished to pay his past due child support.

The second payment at issue arises from the CAA, which issued payments in the amount of $600.

The [CARES Act and CAA] statutes on their face permit a recovery rebate to be made either by "advance refund (i.e., a 'stimulus check'), or a tax credit, or a combination of the two." An EIP is an "advance refund" of the tax credits authorized by the [CARES Act and CAA] statutes. Individuals who do not receive EIPs may nonetheless claim a recovery rebate credit on their 2020 and 2021 income tax returns. As explained by the Internal Revenue Service: "Missing first and second payments may only be claimed on a 2020 tax return. Missing third payments may only be claimed on a 2021 tax return."

*McLaughlin v. United States*, 2022 WL 522832 at *1 (N.D. Fla. Feb. 22, 2022), appeal dismissed, *McLaughlin v. Sec'y, U.S. Dep't of the Treasury*, 2022 WL 2116038 (11th Cir. Apr. 12, 2022) (citations omitted).

As previously set forth, the CAA amended the CARES Act to clarify that payments under the CARES Act and CAA were only exempt from offset if they had been requested as an EIP, or advanced refund, rather than part of a tax refund. As the referee stated, the question then becomes whether Richard received the funds as an advance refund or as a tax refund. However, Richard did not present evidence to clarify whether the funds were an advance refund or a tax credit. He argues the $600 was advance funds but presented no evidence to prove this. In a civil case the burden of proof is on the plaintiff to prove, by a preponderance of the evidence, all facts essential to recovery. *State on behalf of Joseph F. v. Rial*, 251 Neb. 1, 554 N.W.2d 769 (1996). Richard has failed to meet his burden.

Richard also argues that the district court's refusal to order the return of his payment violated his state and federal constitutional rights to due process of the law and to equal protection of the law under the Fourteenth Amendment. He contends his rights were violated because he is a "similarly situated state prisoner as other incarcerated individuals who received their economic impact payments," whereas he did not. Brief for appellant at 11. He did not raise this argument

before the referee or the district court; this is a new claim raised on appeal. An appellate court does not hear claims raised for the first time on appeal, so we do not address Richard's additional claim. *Landrum v. City of Omaha Planning Bd.*, 297 Neb. 165, 899 N.W.2d 598 (2017).

CONCLUSION

We conclude that the court did not err in dismissing Richard's complaint to modify child support or in denying his motion for revocation of stimulus withholding. Accordingly, both orders are affirmed.

AFFIRMED.